PER CURIAM.
This matter is before the Court on respondent’s Petition for Leave to Resign, pursuant to article XI, Rule 11.08 of the Integration Rule of The Florida Bar.
The Petition states as follows:
*178 1. No past disciplinary actions have been taken against the [respondent].
2. There are no past or pending criminal proceedings against the [respondent].
3. There are disciplinary proceedings pending against the [respondent] involving the following matters:
A) Improper maintenance and keeping of trust records {not involving mishandling, misappropriation or co-mingling of attorney and client funds).
B) Improper use of trust account {not involving mishandling, misappropriation or co-mingling of attorney and client funds) resulting in one or more trust checks being dishonored by the bank.
C) Professional misconduct involving an alleged “check kiting” scheme supposedly perpetrated by the [respondent] who held an interest in four corporations along with several other non-attorneys.
4. The [respondent], pursuant to Rule 11.08(3), avers that the granting of this petition will not adversely affect the public interests because the “trust account” maintained by the [respondent] did not contain any client funds, and the [respondent] has (or is prepared to) make good any checks that have been dishonored. The [respondent] was reduced to only one viable checking account (i.e. his “trust account”) because all of his other personal and business accounts have been repeatedly closed by banks because they feared the [respondent’s] reputation for previous alleged “check kiting” schemes. At no time did the [respondent] ever mishandle or misappropriate his client funds, nor has he co-mingled attorney and client funds.
Additionally, the [respondent] would show that he has settled all of his civil differences with- the banks involved in the purported “check kiting” scheme, and in said settlements it is agreed that the [respondent] does not admit any wrongdoing.
The Florida Bar filed its response stating it would support the petition so long as any future Petition for Reinstatement is preceded by full satisfaction of the Judgment in cases 84-1672-CA and 85-559-CA which arose as a result of the “check kiting” operation, and restitution is made to the outstanding trust account checks which have been returned for insufficient funds and any further checks drawn on that account which are also returned for insufficient funds.
The Court, having reviewed the Petition, Response and Reply to Response and determined that the requirements of Rule 11.-08(3) are fully satisfied, hereby approves the Petition for Leave to Resign. However, application for admission will not be considered unless restitution is made in full or a plan of payments is accepted by each creditor.
The effective date of this resignation is November 3, 1986, thereby giving respondent thirty (30) days to close out his practice and take the necessary steps to protect his clients. Respondent shall not accept any new business from the date of this opinion.
Judgment for costs in the amount of $483.75 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and ADKINS, OVER-TON, EHRLICH and SHAW, JJ., concur.